IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SMART WEARABLE TECHNOLOGIES INC., | § § § | |
| | § | Case No. 3:17-cv-00021 |
| Plaintiff, | § § | |
| | § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| LG ELECTRONICS U.S.A., INC., | § § | |
| | § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SMART WEARABLE TECHNOLOGIES INC. files its Complaint against Defendant LG ELECTRONICS U.S.A., INC., alleging as follows:

## THE PARTIES

1.      Plaintiff SMART WEARABLE TECHNOLOGIES INC. ("Smart Wearable") is a corporation organized and existing under the laws of the State of Delaware with its principle place of business in the State of Virginia.

2.      Upon information and belief, LG ELECTRONICS U.S.A., INC. ("LG") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.  LG may be served with process through its registered agent Corporation Service Company at Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA  23219.

## JURISDICTION AND VENUE

3.      This is an action for infringement of United States patents.  This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4.      Upon information and belief, LG is subject to personal jurisdiction by this Court. LG has committed such purposeful acts and/or transactions in the State of Virginia that it

1

reasonably knew and/or expected that it could be hailed into a Virginia court as a future consequence of such activity.  LG makes, uses, and/or sells infringing products within the Western District of Virginia and has a continuing presence and the requisite minimum contacts with the Western District of Virginia, such that this venue is a fair and reasonable one.  Upon information and belief, LG has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Western District of Virginia.  For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

## PATENT-IN-SUIT

5.      On February 14, 2006, United States Patent No. 6,997,882 B1 ("the '882 Patent") was duly and legally issued for "6-DOF SUBJECT MONITORING DEVICE AND METHOD." A true and correct copy of the '882 Patent is attached hereto as Exhibit A and made a part hereof. Exhibit A includes a certificate of correction issued on November 8, 2016 that, in part, pertains to claim 8 of the '882 Patent.

6.      As it pertains to this lawsuit, the '882 Patent, very generally speaking, relates to systems and methods of monitoring a subject using acquired six degree-of-freedom ("6-DOF") data regarding the subject as well as acquired physiological data of the subject.  Specifically, certain claims of the '882 Patent disclose the use of an acceleration module to obtain 6-DOF data descriptive of the movement of a subject.  The 6-DOF data is synchronized with obtained physiological data, such as the sensed, detected, or measured heart rate of the subject, for example.  The synchronized 6-DOF and physiological data is then displayed.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

7.      Smart Wearable repeats and realleges every allegation set forth above.

8.      Smart Wearable is the owner of the '882 Patent with the exclusive right to enforce the '882 Patent against infringers, and collect damages for all relevant times, including the right to prosecute this action.

9.       LG has had knowledge of, or was willfully blind to, the existence of the '882 Patent since the filing of this Complaint, if not earlier.

10.       Upon information and belief, LG is liable under 35 U.S.C. §271(a) for direct infringement of the '882 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the '882 Patent.

11.       Upon information and belief, LG is also liable under 35 U.S.C. §271(b) for inducing infringement of, and under 35 U.S.C. §271(c) for contributory infringement of the '882 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the '882 Patent.

12.       More specifically, LG infringes the '882 Patent because it makes, uses, sells, and offers for sale at least the LG Watch Sport wristwatch (hereinafter referred to as "the Accused Product"). The Accused Product monitors a subject using acquired 6-DOF data regarding the subject as well as acquired physiological data of the subject.

13.       Upon information and belief, the Accused Product is attachable to the wrist of a user and includes at least an accelerometer and gyroscope for providing data from which 6-DOF movement information descriptive of the movement of the user is obtained. Upon information and belief, the Accused Product includes, at least, a heart rate sensor for obtaining physiological data of the user. The Accused Product synchronizes the 6-DOF data with obtained physiological data of the subject and displays the synchronized 6-DOF and physiological data and displays the synchronized data on, at least, the display of the Accused Product. By way of example only, at least the Accused Product in the past directly infringed and continues to directly infringe at least claim 8 of the '882 Patent.

14.       By providing at least the Accused Product, LG has, in the past and continues to induce its customers and/or end users to infringe at least claim 8 of the '882 Patent. For example, end users of at least the Accused Product directly infringe at least claim 8 of the '882

Patent when using the Accused Product to, at least, monitor their heart rate, active minutes, calories burned, heart rate zone training, and/or sleep tracking.

15.     On information and belief, LG possessed a specific intent to induce infringement by at a minimum, providing user guides and other sales-related materials, and by way of advertising, solicitation, and provision of product instruction materials, that instruct its customers and end users on the normal operation of at least the Accused Product including heart rate, active minutes, calories burned, heart rate zone training, and/or sleep tracking features that infringe the '882 Patent.

16.     By providing the Accused Product, LG has in the past and continues to contribute to the infringement of their customers and/or end users of at least claim 8 of the '882 Patent.

17.     Upon information and belief, the heart rate, active minutes, calories burned, heart rate zone training, and/or sleep tracking features of the Accused Product have no substantial non-infringing uses, and LG knows that these features are especially made or especially adapted for use in a product that infringes the '882 Patent.

18.     Smart Wearable has been damaged as a result of LG's infringing conduct.  LG, thus, is liable to Smart Wearable in an amount that adequately compensates Smart Wearable for LG's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

Smart Wearable requests that the Court find in its favor and against LG, and that the Court grant Smart Wearable the following relief:

a.    Judgment that one or more claims of the '882 Patent have been infringed, either literally and/or under the doctrine of equivalents, by LG;

b.    Judgment that LG account for and pay to Smart Wearable all damages to and costs incurred by Smart Wearable because of LG's infringing activities and other conduct complained of herein;

c.    That LG, its officers, agents, servants and employees, and those persons in active

concert and participation with any of them, be permanently enjoined from infringement of the '882 Patent. In the alternative, if the Court finds that an injunction is not warranted, Smart Wearable requests an award of post judgment royalty to compensate for future infringement;

d.      That Smart Wearable be granted pre-judgment and post-judgment interest on the damages caused to it by reason of LG's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Smart Wearable its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.      That Smart Wearable be granted such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  March 14, 2017

/s/ Mark D. Obenshain

Mark D. Obenshain (VSB # 27476)
Justin M. Wolcott (VSB # 83367)
OBENSHAIN LAW GROUP
420 Neff Avenue, Suite 130
Harrisonburg, VA 22801
Telephone: (540) 208-0727
Facsimile: (540) 266-3568
Email: mdo@obenshainlaw.com
Email: jmw@obenshainlaw.com
*Counsel for Plaintiff Smart Wearable*
*Technologies Inc.*

*Of Counsel:*

Michael T. Cooke
Corby R. Vowell
Richard A. Wojcio Jr.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX 76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email: mtc@fsclaw.com
Email: vowell@fsclaw.com
Email: wojcio@fsclaw.com

6